UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **SCOTTSDALE INSURANCE COMPANY,**<br><br>　　　Plaintiff<br><br>v.<br><br>**KELBIE HOME IMPROVEMENT, INC.**<br>SERVE:<br>Resident Agent, Todd D. Lochner<br>Lochner Law Firm, P.C.<br>91 Main Street, 4th Floor<br>Annapolis, MD 21401<br><br>**LIBERTY MUTUAL PERSONAL**<br>**INSURANCE COMPANY**<br>SERVE:<br>Maryland Insurance Administration<br>200 St. Paul Place, Suite 2700<br>Baltimore, MD 21202<br><br>**CONNER P. HALL**<br>548 E. Fort Avenue<br>Baltimore, MD 21230<br><br>　　　Defendants | **Case No.** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned counsel, Mark P. Johnson, Megan M. Jenkins, and Eccleston & Wolf, P.C., hereby files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201(a) and Rules 57 and 15 of the Federal Rules of Civil Procedure and seeks a declaratory judgment that it is not obligated to defend or indemnify Kelbie Home Improvement, Inc. ("Kelbie").

## INTRODUCTION

1.     Scottsdale seeks a judicial determination that it owes no duty to defend or to indemnify Kelbie against claims raised in the lawsuit styled *Liberty Mutual Personal Insurance Company a/s/o Faith Harrington v. Kelbie Home Improvement, Inc.*, Case No. C-24-CV-25-007077 in the Circuit Court for Baltimore City ("Underlying Lawsuit").

## PARTIES

2.     At all relevant times, Scottsdale was and is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Arizona.

3.     At all relevant times, Kelbie was and is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business in the State of Maryland at 5305 Village Center Drive, Columbia, Maryland 21044.

4.     At all relevant times, Liberty Mutual Personal Insurance Company was and is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in the Commonwealth of Massachusetts. Liberty Mutual is an interested party in the controversy between Scottsdale and Kelbie because it is a party to the Underlying Lawsuit.

5.     At all relevant times, Conner P. Hall is an individual person and resident of 548 E. Fort Avenue, Baltimore, Maryland 21230. Hall is an interested party in the controversy between Scottsdale and Kelbie because he is a party to the Underlying Lawsuit.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction to hear this declaratory judgment action pursuant to 28 U.S.C. § 2201 because Scottsdale seeks a declaration that it owes no defense, indemnity, or other coverage obligations to Kelbie in the Underlying Lawsuit.

7.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the policy in dispute was issued in this district, Kelbie is located in this district, and all parties are subject to the jurisdiction of this Court.

## FACTUAL BACKGROUND

9.     On June 12, 2023, Liberty Mutual Personal Insurance Company ("Liberty Mutual"), as subrogee of Faith Harrington ("Harrington"), filed suit in the Underlying Lawsuit against Kelbie and Conner P. Hall ("Hall") in the Circuit Court for Baltimore City, styled, *Liberty Mutual Personal Insurance Company a/s/o Faith Harrington v. Kelbie Home Improvement, Inc.*, Case No. C-24-CV-25-007077. A true and correct copy of Liberty Mutual's Complaint is attached as Exhibit A.

10.     Liberty Mutual alleged that it issued an insurance policy to Harrington, which granted to Liberty Mutual the right to recover from a tortfeasor or responsibility party the amounts paid under the policy. *See* Ex. A at ¶ 7.

11.     Liberty Mutual alleged that Harrington owns and resides at the real property and residence located at 544 E. Fort Avenue, Baltimore, Maryland 21230. *See* Ex. A at ¶ 1.

12.     Liberty Mutual alleged that Hall owns and resides at the real property and residence located at 548 E. Fort Avenue, Baltimore, Maryland 21230. *See* Ex. A at ¶ 4.

13.     Liberty Mutual alleged that Hall hired Kelbie to perform roofing services at his residence, and that on May 3, 2024, while performing the roofing services, Kelbie negligently and

carelessly improperly used a torch causing a fire resulting in extensive smoke and soot damage to Harrington's property at 544 E. Fort Avenue. *See* Ex. A at ¶¶ 8-9.

14.    Liberty Mutual alleged that Harrington made a claim to Liberty Mutual under her insurance policy, that Liberty Mutual made payments on the policy as a result of the damages totaling Two Hundred Forty-Five Thousand Four Hundred Twenty-Three Dollars and Nineteen Cents ($245,423.19), and that Liberty Mutual is subrogated to the rights of action held by Harrington. *See* Ex. A at ¶¶ 10, 15.

15.    Liberty Mutual's Complaint includes a single cause of action for negligence against Kelbie and Hall.  *See* Ex. A at ¶ 13-16.

16.    Liberty Mutual seeks compensatory damages of Two Hundred Forty-Five Thousand Four Hundred Twenty-Three Dollars and Nineteen Cents ($245,423.19), plus Harrington's deductible of One Thousand Dollars ($1,000.00), plus interest and costs.

17.    By letter dated September 23, 2025, Scottsdale advised Kelbie that it would defend Kelbie in the Underlying Lawsuit, subject to a reservation of rights, a true and correct copy of which is attached hereto as Exhibit B.

## THE POLICY

18.    Scottsdale issued to Kelbie Policy No. RBS0258975, effective April 14, 2024 to April 14, 2025 (the "Policy"), a true and correct copy of which is attached as Exhibit C.

19.    The Policy includes Commercial General Liability ("CGL") Coverage Form with limits of $1 million each occurrence, in accordance with the terms, exclusions, limitations, definitions, and conditions stated in the Policy.  *See* Ex. C at 9.

20.    The Insuring Agreement of the CGL Coverage Form which states in relevant part:

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance

applies. We will  have the right and duty to defend the insured against any  "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury"  or "property damage"  to which  this insurance  does  not  apply.

*See* Ex. C at 26.

21.     The  Policy  is  subject  to  the  following  Basic  Condominium  and  Townhouse

Exclusion (form SDS-66 (9-20)), which provides as follows:

BASIC CONDOMINIUM AND TOWNHOUSE EXCLUSION

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

The following exclusion is added to **SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, paragraph **2. Exclusions** and **SECTION I—COVERAGES, COVERAGE B—PERSONAL AND ADVERTISING INJURY LIABILITY**, paragraph **2. Exclusions**:

**Condominium And Townhouse**

1.     Claim or "suit" arising out of, related to or in any way connected with any original construction, reconstruction, rebuilding, remodeling, restoration, renovation, repair, reroofing, upgrading, improvement, refurbishing or development of any condominium or townhouse.

2.     This exclusion applies to any building or structure that has been converted, is undergoing conversion or that is converted at any future time into a condominium or townhouse regardless of whether the work or product of any insured was performed, incorporated or supplied before, during or after the conversion.

3.     This exclusion applies equally to any stand-alone condominium or townhouse projects or to any Planned Unit Development (PUD) or similar mixed-use projects that contain any residential condominiums or townhouses.

4.     This exclusion does not apply to "your work" for, or "your product" supplied within the interior space of an individual unit within a condominium or townhouse development or converted project pursuant to a written contract even if the written contract was negotiated through the owner association providing that "your work" or "your product" was:

  a.     Performed or supplied after the original construction or conversion was completed and the premises had been occupied; and

> b. Not related to, in connection with or involving the repair, renovation or replacement of "your work" or "your product" that was performed or supplied prior to the insurance of a certificate of occupancy.

*See* Ex. C at 88.

22.  Here, both Hall's property (548 E. Fort Avenue) and Harrington's property (544 E. Fort Avenue) are townhomes, and Kelbie was not performing work on interior spaces of individual units.

23.  In addition to the foregoing provisions, Scottsdale pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which also may be found to be applicable as Scottsdale's investigation of this matter continues, and it reserves the right to amend its Complaint for Declaratory Judgment.

### FIRST REQUEST FOR RELIEF – DECLARATORY JUDGMENT (NO DUTY TO DEFEND KELBIE)

24.  Scottdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as through completely and fully set forth herein.

25.  The CGL Coverage Form states that Scottsdale has a duty to defend any suit seeking damages because of bodily injury or property damage to which the Policy applies, but no duty to defend any suit seeking damages for bodily injury or property damage to which the Policy does not apply.

26.  There is an actual, present, and existing controversy between Scottsdale and Kelbie regarding the applicable coverage under the Policy in connection with the claims presented in the Underlying Lawsuit.

27.  Based upon the facts alleged in the Underlying Lawsuit, Scottsdale has no duty to defend Kelbie because the Underlying Lawsuit concerns damage to a townhome in Baltimore City

triggering the Basic Condominium and Townhome Exclusion (and the exception to the exclusion would not apply).

28.    As such, Scottsdale seeks a declaratory judgment that it has no duty to defend Kelbie in the Underlying Lawsuit because the Basic Condominium and Townhome Exclusion bars all potential of coverage for the alleged damages sought in the Underlying Lawsuit.

## SECOND REQUEST FOR RELIEF – DECLARATORY JUDGMENT (NO DUTY TO INDEMNIFY)

29.    Scottdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as through completely and fully set forth herein.

30.    The CGL Coverage Form states that Scottsdale will pay those sums that an insured becomes legally obligated to pay as damages because of bodily injury or property damage.

31.    There is an actual, present, and existing controversy between Scottsdale and Kelbie regarding the applicable coverage under the Policy in connection with the claims presented in the Underlying Lawsuit.

32.    Based on the foregoing, the Basic Condominium and Townhome Exclusion bars indemnity coverage for the Underlying Litigation because the Underlying Litigation is a claim or suit arising out of, related to or in any way connected with any reconstruction, rebuilding, remodeling, restoration, renovation, repair, reroofing, upgrading, or improvement of a townhouse.

33.    As such, Scottsdale seeks a declaratory judgment that it has no duty to indemnity Kelbie in the Underlying Lawsuit because of the Basic Condominium and Townhome Exclusion.

## THIRD REQUEST FOR RELIEF – REIMBURSEMENT OF DEFENSE EXPENSES

34.    Scottdale adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as through completely and fully set forth herein.

35.    On information and belief, and pursuant to the Policy and applicable law, the Underlying Lawsuit never presented a potential for covered liability.

36.    Scottsdale is providing a defense to Kelbie in the Underling Lawsuit under a reservation of rights including, but not limited to, the right to seek reimbursement of defense fees and costs paid on Kelbie's behalf pursuant to applicable law.

37.    Scottsdale has paid and continues to pay defense fees and costs on Kelbie's behalf in the Underlying Lawsuit.

38.    Under applicable law, Scottsdale has the right to obtain full reimbursement directly from Kelbie for all amounts Scottsdale pays to defend Kelbie but which were never owed as a matter of law.

WHEREFORE, Scottsdale Insurance Company respectfully prays for relief as follows:

a.    On the first cause of action for declaratory relief as to the duty to defend under the Policy, for judicial declarations that:

i.    Scottsdale has no duty to defend Kelbie against any claims asserted against it in the Underlying Lawsuit; and

ii.    Scottsdale has the right to withdraw from Kelbie's defense in the Underlying Lawsuit.

b.    On the second cause of action for declaratory relief as to the duty to indemnify under the Policy, for a judicial declaration that Scottsdale has no duty to indemnify Kelbie, either in whole or in part, against any judgment in the Underlying Lawsuit under the Policy.

c.    On the third cause of action for reimbursement of defense costs, for reimbursement against Kelbie for all amounts Scottsdale paid in defense fees and costs but never owed in the Underlying Lawsuit

d.    For costs of suit herein;

e.    For pre-judgment and post-judgment interest; and

f.    For such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/Mark P. Johnson*
Mark P. Johnson (29091)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: johnson@ewmd.com
*Attorney for Plaintiff*

*/s/Megan M. Jenkins*
Megan M. Jenkins (20894)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474
(410) 752-0611 (fax)
E-mail: jenkins@ewmd.com
*Attorney for Plaintiff*